# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Distribution Intelligence Systems, LLC, | Case No. 1:22-cv-01521 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Parcus Medical LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

For its Complaint, Plaintiff Distribution Intelligence Systems, LLC ("DIS") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action including for infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Defendant is a Wisconsin company having its principal place of business in Florida, and this Court has personal jurisdiction over Defendant because it regularly conducts business through places of business including in this District, where it has committed the infringing acts alleged herein.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff DIS is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

5. Upon information and belief, Defendant is a Wisconsin company having its headquarters in Sarasota, Florida.

## CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,617,160)

6. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

7. Plaintiff is the owner by assignment of U.S. Patent No. 8,617,160 ("the '160 patent") entitled "Dynamic Intramedullary Hardware," which duly and lawfully issued on December 31, 2013. A true and correct copy of the '160 patent is attached hereto as Exhibit A.

8. The '160 patent covers the devices, systems and methods claimed, and protects the exclusive right to utilize those inventions, which were not routine or conventional at the time.

9. The claims of the '160 patent are directed to, for example, a "system and method for interconnecting a computer with the physical structure of an amusement device," and Claim 1, for example, recites elements including, *inter alia*, a "device for the implantation into osseous material to facilitate healing," comprising "an elongated tubular body wherein the elongated tubular body

contains a) a mobile elongated rod; b) an anchoring element attached to the elongated tubular body; and c) a driver attached to the elongated rod wherein the driver can move substantially along the length of the elongated tubular body and engages the anchoring element thereby causing the anchoring element to protrude laterally through the elongated tubular body and engage the surrounding osseous material."

10. On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States devices, systems and/or methods covered by the claims of the '160 patent, including but not limited to Claim 1. For example, as shown in the infringement analysis at Exhibit B, Defendant's Draw Tight™ Suture-Based Anchors employ the invention covered by Claim 1 of the '160 patent.

11. By the acts of making, using, offering to sell, selling and/or importing the accused infringing devices, systems and/or methods, Defendant has directly infringed the '160 patent under 35 U.S.C. § 271(a).

12. On information and belief, Defendant has caused, encouraged and/or aided others, including distributors and customers, to directly infringe the '160 patent, Defendant having full knowledge of the '160 patent and having the specific intent to cause, encourage, or aid infringement by others. By the acts of actively inducing others to infringe the '160 patent, Defendant has infringed the '160 patent under 35 U.S.C. § 271(b).

13. On information and belief, having knowledge of the '160 patent and the infringement thereof by others, Defendant has contributed to the infringement by others, including customers, by providing the accused infringing devices which are not staple articles or commodities of commerce suitable for a substantial noninfringing use. By the acts of contributing to the infringement of the '160 patent by others, Defendant has infringed the '160 patent under 35 U.S.C. § 271(c).

14. The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '160 patent.

15. Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

16. The infringement of the '160 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff prays for the following relief:

A. A determination that Defendant has infringed the '160 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

B. An accounting for damages adequate to compensate for the patent infringement under 35 U.S.C. § 284, including Plaintiff's actual damages, enhanced damages, pre-judgment and post-judgment interest, and costs;

C. A determination of willful patent infringement, and that this is an exceptional case, and an award of attorney fees and expenses to Plaintiff under 35 U.S.C. § 285;

D. An order permanently enjoining Defendant from infringing the '160 patent; and

E. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all the issues so triable in this action.

Dated: December 18, 2022      Respectfully submitted,

By: s/Stephen M. Lobbin
Stephen M. Lobbin (admitted in E.D. Wis.)
**SML Avvocati P.C.**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: 949.636.1391
E-mail: sml@smlavvocati.com

5

Case 1:22-cv-01521-WCG   Filed 12/19/22   Page 5 of 5   Document 1