UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Distribution Intelligence Systems, LLC, | Case No. 1:22-cv-01521-WCG |
| Plaintiff, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| Parcus Medical LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Defendant Parcus Medical LLC ("Parcus"), by its undersigned attorneys, answers and responds to the specific numbered paragraphs in the Complaint filed on December 18, 2022 by Plaintiff Distribution Intelligence Systems, LLC ("DIS"), as follows:

## GENERAL DENIAL

Unless specifically admitted below, Parcus denies each and every allegation made in the Complaint.

## JURISDICTION AND VENUE

1. Admitted that DIS purports to state a claim based on the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*. Parcus denies that it has infringed any valid claim of any asserted patent. Admitted that this court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

2. Admitted that Parcus is a Wisconsin company having its principal place of business in Florida, and that the Court has personal jurisdiction over Parcus because it conducts business in this District. Parcus specifically denies that it has committed any acts of infringement.

3. Admitted that venue is proper in this District.

## THE PARTIES

4. Admitted.

5. Admitted.

## CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,617,160)

6. Parcus incorporates by reference its answers to paragraphs 1-5 as fully set forth herein.

7. Admitted that United States Patent No. 8,617,160 (the '160 patent"), on its face, is entitled "Dynamic Intramedullary Hardware," which is dated as having issued on December 31, 2013. Admitted that a copy of the '160 patent appears to be attached to the Complaint as Exhibit A. Denied that the '160 patent was duly and lawfully issued.

8. Denied.

9. Denied that the claims of the '160 patent are directed to a "system and method for interconnecting a computer with the physical structure of an amusement device." Admitted that Claim 1 of the '160 patent recites elements including a "device for the implantation into osseous material to facilitate healing," "an elongated tubular body wherein the elongated tubular body

contains a) a mobile elongated rod; b) an anchoring element attached to the elongated tubular body; and c) a driver attached to the elongated rod wherein the driver can move substantially along the length of the elongated tubular body and engages the anchoring element thereby causing the anchoring element to protrude laterally through the elongated tubular body and engage the surrounding osseous material."

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## DIS'S PRAYER FOR RELIEF

Parcus denies that DIS is entitled to any of the relief requested in its Prayer for Relief.

## DEFENSES

Parcus alleges and asserts the following defenses in response to DIS's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Parcus reserves the right to assert additional defenses and/or counterclaims if their existence is established through discovery, investigation, or otherwise.

1. Parcus does not and has not infringed, induced infringement of, or contributed to the infringement of any claim of the '160 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

2. The '160 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

3. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '160 patent preclude DIS from asserting or construing, whether literally or under the doctrine of equivalents, the claims of the '160 patent in a way that would cover or read upon any product or method made, used, sold, offered for sale, or imported by Parcus, or made, used, sold, or offered for sale or imported by another entity whose conduct forms the basis of an allegation that Parcus contributed to or induced infringement.

4. Any claim for damages or equitable relief by DIS is barred by the equitable doctrines of waiver, estoppel, and/or acquiescence.

5. DIS has failed to state a claim upon which relief can be granted.

6. DIS has an adequate remedy at law, and no basis exists for the grant of equitable relief or exceptional relief.

7. Any claim by DIS for damages is limited by the Patent Act, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.

8. DIS is precluded from recovering costs under 35 U.S.C. § 288.

9. DIS is not entitled to injunctive relief because any alleged injury to it is not immediate or irreparable, the balance of hardships and public interest weigh against the grant of an injunction, DIS unreasonably delayed, and DIS has an adequate remedy at law.

10. To the extent DIS establishes any claim to relief, its claims are barred, in whole or in part, by its failure to mitigate damages.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Parcus respectfully requests that judgment be entered in favor of Parcus against Plaintiff DIS and that Parcus be granted the following relief:

A. Dismissal of DIS's claims against Parcus, with prejudice;

B. That the Court enter judgment in favor of Parcus, and against Plaintiff DIS;

C. That the Court declare the '160 patent invalid;

D. That the Court declare the '160 patent not infringed by Parcus;

E. That the Court deny any and all requests for injunctive relief by Plaintiff DIS;

F. That the Court deny any and all requests for equitable relief by Plaintiff DIS;

G. That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice;

H. That the Court find this case exceptional under 35 U.S.C. § 285, and award Parcus its costs and fees in this action, including attorneys' fees; and

I. That the Court grant Parcus such other and further relief as the Court deems just and proper.

### JURY DEMAND

Parcus hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

DATED March 14, 2023                    /s/ Anne M. Reynolds

Anne M. Reynolds (SBN 1102617)
CASIMIR JONES, S.C.
2275 Deming Way, Suite 310
Middleton, WI 53562
Telephone: 608-662-1277
Facsimile: 608-662-1276
amreynolds@casimirjones.com

David A. Casimir (SBN 1036453)
CASIMIR JONES, S.C.
2275 Deming Way, Suite 310
Middleton, WI 53562
Telephone: 608-662-1277
Facsimile: 608-662-1276
dacasimir@casimirjones.com

*Attorneys for Defendant Parcus Medical LLC*